## STEADMAN *v.* REDFIELD.

BANKS AND BANKING. *Bills and notes. Usury. Recovery of. Pleading and practice.* The act of Congress prescribing a penalty as a punishment for violating the law by national banks with regard to usury, will not preclude the State courts from compelling the restoration of the usury, according to its local laws, to the party from whom it was received, or his creditor, especially where it does not appear that the penalty has been enforced prescribed by the act of congress, or is now subject to be enforced.

### FROM HAMILTON.

No record found.

McFARLAND, J., delivered the opinion of the court.

This bill was filed under sec. 1955 of our Code, the complainants alleging that they are judgment creditors of the defendants, E. T. Redfield & Co., and that in a transaction with the First National Bank of Chattanooga the bank had received from Redfield & Co. an amount of usury for the loan of money sufficient to pay complainants' judgments, and complainants seek by this bill to recover the same from the bank. Defense was first made by demurrer, which was overruled, and then by plea, which was held sufficient and the bill dismissed. The defense is this, that the bank was organized under the acts of Congress establishing the system of national banks; that the act

fixes the rate of interest to be charged by the bank to be the rate fixed by the law of the State where the bank is situated; and the act of Congress further prescribes certain penalties and forfeitures for taking a greater rate of interest than is thus allowed to be charged, and among these penalties the right of a creditor of the borrower to sue and recover back the usury is not included. And it is maintained that this penalty and remedy is exclusive of all others, and that none other can be allowed.

The penalty prescribed by the act of Congress is double the amount of interest paid to be recovered back by the person paying the same, or his legal representative, if sued for in two years.

The remedy given by our Code, sec. 1955, is to recover back the usury paid, and this remedy is also given to a judgment creditor of the party paying it. The principle contended for, that when a penalty is prescribed by statute, and the remedy for its recovery also given, that the penalty cannot be recovered in any other mode, is no doubt correct, and from this we may conclude that the penalty prescribed in the act of Congress cannot be recovered by a creditor of the party paying the usury, as this remedy prescribed by the act is only given to the party paying, or his legal representative.

It will be observed, however, that this bill does not seek to recover this penalty. The penalty fixed by the action of Congress is double the amount of the entire interest paid. This is in the nature of a fine or punishment for the violation of the law, for

Steadman *v.* Redfield.

it allows the party to recover more than he would otherwise be entitled to. This bill only seeks to recover back the usury, that is, the excess over the lawful interest. There is in this nothing in the nature of a penalty, it simply requires the bank to pay back the money to which it is not lawfully entitled, leaving it to retain all lawful interest. To compel a party to do simple justice has nothing in it in the nature of punishment. This recovery is allowed by the laws of the State, if they are applicable.

It may be conceded that where Congress has rightfully legislated upon a subject, that a State Legislature has no power to legislate in conflict therewith, and that the Legislature of the State has no power to pass laws with special reference to the national bank upon the matters embraced in the acts of Congress. But it seems manifest "that a national bank must, in other respects, be subject to the general laws of the State where it is located; that their contracts are governed and construed by the State laws." Their acquisition and transfer of property, their right to collect their debts, and their liability to be sued for debts, are all based on State laws. Such is, in substance, the language of Justice Miller, delivering the opinion of the court in 9 Wal., 353.

As already said, the recovery here sought is no part of the punishment prescribed by the laws of our State. Our law makes usury indictable as a misdemeanor. Whether the penalty prescribed by the act of Congress in question would preclude an indictment under our State laws for the same offense, is a

question not involved here. There is a class of cases where it has been held that the same act constituted an offense against both governments, and is punishable by both. But we need not enter into a discussion of this subject, nor need we discuss what would be the effect of a recovery in a case of this character upon the right to enforce the penalty prescribed by the act of Congress. Ordinarily a party guilty of usury could not escape punishment by refunding the usury, and so we suppose if he were compelled by law to refund it. The question of his punishment for the offense would not be thereby effected, nor need we discuss what would be the effect upon the rights of a creditor to recover in a case of this character if it should appear that the penalty prescribed by the act of Congress had been received. This is not averred, nor does it appear that the bank is now liable for the penalty, as the limitation of two years has probably elapsed.

We have not found in the authorities furnished us any satisfactory discussion of this question. While the language of some of the judges in some of the cases seem to bear upon the question, yet their language has reference to a different state of facts, and really different questions, and therefore they should not be regarded as deciding this question. We are of opinion that the act of Congress prescribing a penalty as a punishment for violating the law, was not intended to preclude the State courts from compelling the usurer to do simple justice according to its own laws by restoring the usury to the party from whom

it was received, or his creditor, especially where it does not appear that the penalty has been enforced, or is now subject to be enforced.   In this view the plea was insufficient.

The decree will be reversed, and the plea held insufficient, the cause remanded for an answer, the bank paying the costs of this court.